HARDY MYERS
Attorney General
JAMES S. SMITH #84093
Senior Assistant Attorney General
ELIZABETH K. BONUCCI #06322
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: james.s.smith@doj.state.or.us
       elizabeth.bonucci@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOSEPH DOWNEY WADE,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF OREGON; UNIVERSITY OF OREGON; and JOHN MOSELEY, in his official and individual capacities,<br><br>Defendants. | Case No. 01-6178-HO<br><br>MEMORANDUM IN RESPONSE TO WADE SUBMISSION CONCERNING SETTLEMENT |

## I. BACKGROUND

On January 3, 2002, Dr. Wade settled his discrimination claims against University of Oregon (hereafter "UO") and some individuals who worked for the University. The settlement included certain promises by UO concerning diversity and hiring. On January 5, 2008, Dr. Wade and a UO professor named William T. Harbaugh wrote the Court concerning UO's performance of its obligations under the Settlement Agreement. This memorandum and the Declarations of Dr. Charles Martinez and Dr. Linda Brady are UO's response.

Page 1 - MEMORANDUM IN RESPONSE TO WADE SUBMISSION CONCERNING SETTLEMENT
JSS/cbh/TRIU3285
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700

## II. STANDING

Prof. Harbaugh is an associate professor of economics at UO. He is neither an attorney, nor a party to this litigation. As such, he has no standing in this proceeding in any capacity.

## III. OBLIGATIONS OF UO

The Settlement Agreement succinctly states UO's obligations. The University has, in good faith, carried out all the important duties described therein. The Declaration of Dr. Brady, which tracks the terms of the Settlement Agreement, offers admissible proof of the University's performance. From the outset, the University took seriously the promises it made in the Settlement Agreement, and has performed.

### a) Vice Provost for Institutional Equity and Diversity

The accusations of non performance made against UO ascribe to the Settlement Agreement obligations that do not exist. At Section III.A of the Settlement Agreement, UO's commitment is described in detail. The University promised to create the position of Vice Provost for Institutional Equity and Diversity, and agreed to charge the Vice Provost with certain responsibilities. Such position exists, and has been filled by two very capable people. The Vice Provost has been given access to information regarding diversity issues, is a member of the University Leadership Council, and each of the holders of the position has been a minority with a clearly demonstrated sensitivity to and accomplishments in issues of diversity. In addition, the Vice Provost attends the weekly meetings of the President's small executive staff. The search was timely commenced, the salary for the position competitive and the President of UO has declared that the administration values and works toward diversity. In short, all UO's commitments under Section III.A.1 of the Settlement Agreement have been met.

The criticisms of UO's performance under the Settlement Agreement are at best procedural. The major criticism levied against UO is that the current Vice Provost, like many academics, has professional interests in addition to his role with the University. The Settlement Agreement does not require any particular arrangement, and as the Declaration of Dr. Brady indicates, UO is pleased with

Page 2 - MEMORANDUM IN RESPONSE TO WADE SUBMISSION CONCERNING SETTLEMENT
JSS/cbh/TRIU3285
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700

the performance of its current Vice Provost. To suggest that the Settlement Agreement requires any particular time commitment is inaccurate.

### b) Vice President for Student Affairs

The promise UO made was to use affirmative action principles and procedures in hiring, and to make vigorous efforts to recruit someone who has clearly demonstrated sensitivity to and accomplishments in diversity. The critics are "unsure as to whether an AA Complaint search was held for the current VP." The Declaration of Dr. Brady answers the question in the affirmative.

### c) Annual Report

The Settlement Agreement requires the University to make available a report on workforce data "for the current and past year." The Declaration of Dr. Brady attaches the annual reports.

### d) Summary Concerning UO Performance

The University has performed the acts it is obligated to perform by the Settlement Agreement. Generally, the criticism of the University's performance comes from a reading of the Agreement that goes far beyond the document's terms. While UO may not have done everything its critics would like to have seen, it has done what is necessary to satisfy its performance requirements under the contract.

## IV. PROCEDURAL ISSUES

As indicated in Section II above, Professor Harbaugh has no standing in any capacity in this case. Harbaugh is a UO professor, who has clashed with UO administrators concerning a variety of issues and made multiple document requests. Without regard to whether Harbaugh's conflicts with UO administration have merit, the Court's supervision of Dr. Wade's settlement is not an appropriate forum for Prof. Harbaugh's activities. Many of the complaints levied against UO relate to allegations UO has failed to produce information not required by the Settlement Agreement, but desired by Prof. Harbaugh. Moreover, the apparent purpose of some of the "remedies" requested is to place Harbaugh in a position of greater leverage in his dealings with the University. The supervision of Dr. Wade's settlement is not an opportunity for Harbaugh to expand his conflict with UO.

Page 3 - MEMORANDUM IN RESPONSE TO WADE SUBMISSION CONCERNING SETTLEMENT
JSS/cbh/TRIU3285
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700

The allegations levied against UO are based upon hearsay, conjecture, speculation and supposition. There is a reason court proceedings are conducted pursuant to the Rules of Evidence: to ensure that decisions are not made based upon hearsay, conjecture, speculation and supposition. To the extent that Dr. Wade seriously contends that UO has failed to live up to its obligations, he should be required to bring admissible evidence to an evidentiary hearing, and have that evidence subjected to cross examination. The University has proffered admissible facts to support its contention that it has performed.

## V. CONCLUSION

Before the Court is a record that shows UO has performed its obligations under the Settlement Agreement. The allegations that UO has not performed are inaccurate, and without evidentiary basis. Moreover, they appear driven by the desires of a person not a part of this case.

The Court's supervision of the Settlement Agreement should be terminated because the record before the Court demonstrates that UO has performed, and that the objectives of the Agreement have been attained.

DATED this 7 day of March, 2008.

Respectfully submitted,

HARDY MYERS
Attorney General

*James S. Smith*

JAMES S. SMITH #84093
Senior Assistant Attorney General
ELIZABETH K. BONUCCI #06322
Assistant Attorney General
Trial Attorneys
Tel (503) 947-4700
Fax (503) 947-4791
james.s.smith@doj.state.or.us
Elizabeth.Bonucci@doj.state.or.us
Of Attorneys for Defendants

Page 4 -   MEMORANDUM IN RESPONSE TO WADE SUBMISSION CONCERNING SETTLEMENT
JSS/cbh/TRIU3285
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700

# CERTIFICATE OF SERVICE

I certify that on March 7, 2008, I served the foregoing **MEMORANDUM IN RESPONSE TO WADE SUBMISSION CONCERNING SETTLEMENT** upon the parties hereto by the method indicated below, and addressed to the following:

Dr. Joseph D. Wade
5260 Saratoga St.
Eugene, Oregon 97405
(541) 342-7318
    Plaintiff Pro Se

___ HAND DELIVERY
✓ MAIL DELIVERY
___ OVERNIGHT MAIL
___ TELECOPY (FAX)
___ E-MAIL jd3wade@comcast.net
___ E-FILE

*[signature]* for JSS
JAMES S. SMITH #84093
Senior Assistant Attorney General
ELIZABETH K. BONUCCI #06322
Assistant Attorney General
Trial Attorneys
Of Attorneys for Defendants
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700

Page 1 - CERTIFICATE OF SERVICE
JSS/cbh/TRIA3078