HARDY MYERS
Attorney General
AARON SPRAGUE #06228
Assistant Attorney General
ELIZABETH K. BONUCCI #06322
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: aaron.sprague@doj.state.or.us
        elizabeth.bonucci@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOSEPH DOWNEY WADE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF OREGON; UNIVERSITY OF OREGON; and JOHN MOSELEY, in his official and individual capacities,<br><br>　　　　Defendants. | Case No. 01-6178-HO<br><br>DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO THE COMPLIANCE REPORT BY THE UNIVERSITY OF OREGON |

COME NOW the Defendants, by and through their undersigned attorneys, and reply to

the Plaintiff's Response to the Compliance Report by the University of Oregon. By way of reply

the Defendants state as follows:

**I.　The Plaintiff's Response is Actually a Significant Retreat From the Allegations he Made in his Previous Filings**

　　The Plaintiff's response to the affirmative action compliance report filed by the

Defendants is somewhat odd. The response itself contains no legal arguments, no citations to

Page 1 -　DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO THE COMPLIANCE
　　　　REPORT BY THE UNIVERSITY OF OREGON
　　　　AS/cbh/JUSTICE-#1042522-v1-Wade_6178_Reply_to_Response_to_Report
　　　　　　　　　　　1162 Court Street NE
　　　　　　　　　　　Salem, OR 97301-4096
　　　　　　　　　　　(503) 947-4700

authority and no substantive argument of any kind. It is simply a three paragraph introduction to the Plaintiff's declaration. It is the Plaintiff's declaration that is the real meat of the response.

The Plaintiff's declaration is noteworthy for how far the Plaintiff backpedals from previously made allegations. In his motion to enforce the settlement agreement the Plaintiff alleged – without any factual basis whatsoever – that Dr. Robin Holmes was appointed to the position of Vice President of Student Affairs without a national search being done by the University. *Motion to Enforce Settlement Agreement*, pp. 4-5. This has now been shown to be categorically false. After the compliance report submitted by the Defendants, the Plaintiff has been forced to acknowledge that Dr. Holmes was hired as Vice President of Student Affairs as the result of a national search done by the University. *Declaration of Joseph Downey Wade*, ¶ 12 (Sept. 4, 2008). He does not dispute that this hiring complied with the University's affirmative action policies.

The Plaintiff also neglected to tell the Court in his motion that the national search requirement for the hiring of University administrative officials could be waived, giving the impression that a national search was mandatory in all instances. *Motion to Enforce Settlement Agreement*, pp. 2-5. This has also been shown to be false. The Defendants have clearly documented the waiver exception to the national search requirements in their report on affirmative action compliance. The Plaintiff in his declaration has now admitted that a national search is not mandatory in all cases and can be waived with the approval of the University's Office of Affirmative Action and Equal Opportunity. *Dec. Wade*, ¶ 7. The Plaintiff has also been forced to acknowledge that the University obtained a waiver of the national search requirement with respect to the appointment of Dr. Charles Martinez to the post of Vice Provost for Institutional Equity and Diversity. *Id.* The Plaintiff does not dispute in his response that waivers were obtained for the interim appointments of Anne Leavitt and Michael Eyster.

On a closely related note, the Plaintiff argued earlier that the University must do a national search every time it hires an administrator and that failure to do such a search, and hire a

minority from outside the University, thwarts the purposes of affirmative action by not brining new minority administrators into the administration. *Motion to Enforce Settlement Agreement*, pp. 4-5. This argument is conspicuously absent from the Plaintiff's response, and has apparently been abandoned.

At the end of the day, all that is remaining of the Plaintiff's original position is a dispute over whether or not the appointment of Dr. Martinez was justified and complaints about the interim appointments of two administrators that no longer work for the University. This is a significant step back from allegations made by the Plaintiff in his motion, and scant justification for the sought after relief.

## II. The Plaintiff has Failed to Bring Forth Any Evidence to Support Any of the Factual Claims and Opinions Expressed in His Response

The Plaintiff has a demonstrated pattern of making unsupported allegations in his post settlement filings with this Court. His false claims regarding the hiring of Dr. Holmes stand out as a particularly cogent example. This pattern continues in his response to the Defendants' report. The Plaintiff's declaration contains several factual allegations and opinions which he utterly fails to support with any sort of evidence. These allegations and opinions are as follows:

1. The office of Multi Cultural Affairs was performing its responsibilities admirably before there was a Vice Provost of Institutional Equity and Diversity;

2. There was no crisis that dictated the urgent need to appoint Dr. Martinez;

3. The University "most likely" had sufficient notice of Dr. Vincent's departure to conduct a national search to replace him;

4. The Affirmative Action Director, Penelope Daugherty, coaches University officials on how to avoid affirmative action procedures; and

5. The appointment of Dr. Martinez was the result of a desire by the administration of the University to place a "malleable" person in the position of Vice Provost for Institutional Equity and Diversity;

Page 3 -   DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO THE COMPLIANCE
           REPORT BY THE UNIVERSITY OF OREGON
           AS/cbh/JUSTICE-#1042522-v1-Wade_6178_Reply_to_Response_to_Report
           1162 Court Street NE
           Salem, OR 97301-4096
           (503) 947-4700

The Plaintiff offers absolutely no proof to substantiate any of these claims. In the absence of any evidentiary support the Court should not consider these claims as a basis for granting the Plaintiff's motion.

**III.    The Court Should Decline the Plaintiff's Invitation to Act as a "Super Personnel Department" in this case**

Nearly every federal circuit court of appeals has held that it is not the role of the federal courts to act as a "super personnel department" that re-examines the wisdom, prudence or fairness of business decisions made by employers. *Loeb v. Best Buy Company, Inc.*, 104 Fair Empl. Prac. Cas. (BNA) 15 (8th Cir. 2008); *Cupples v. Amsan, LLC*, 103 Fair Empl. Prac. Cas. (BNA) 1065 (4th Cir. 2008); *Petts v. Rockledge Furniture LLC*, 534 F.3d 715, 724 (7th Cir. 2008); *Orr v. City of Albuquerque*, 531 F.3d 1210, 1217 (10th Cir. 2008); *Arroyo-Audifred v. Verizon Wireless, Inc.*, 527 F.3d 215, 221 (1st Cir. 2008); *Adeyemi v. District of Columbia*, 525 F.3d 1222, 1227 (D.C. Cir. 2008); *Aguilera v. Baca*, 510 F.3d 1161, 1171 (9th Cir. 2007); *Bender v. Hecht Department Stores*, 455 F.3d 612, 627 (6th Cir. 2006); *Scott v. University of Mississippi*, 148 F.3d 493, 509 (5th Cir. 1998). The Ninth Circuit has held that it is improper for employees to expect the federal courts to engage in micromanagement employment decisions made by businesses or governmental entities. *Aguilera*, 510 F.3d at 1171. Courts have consistently refused to "second guess[] employers' honestly held (even if erroneous) business judgment." *Orr*, 531 F.3d at 1217.

The Defendants have produced evidence, by way of affidavits from people with personal knowledge of the pertinent events, that the decision to appoint Dr. Martinez as Interim Vice Provost for Institutional Equity and Diversity was in response to a crisis that had developed around the University's diversity initiatives, and that his permanent appointment was necessitated by the need to maintain continuity. The Plaintiff has argued in his declaration – without any supporting evidence – that there was no such need. The Plaintiff invites this Court to second guess the University's judgment regarding the necessity of appointing Dr. Martinez.

Page 4 -    DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO THE COMPLIANCE
            REPORT BY THE UNIVERSITY OF OREGON
            AS/cbh/JUSTICE-#1042522-v1-Wade_6178_Reply_to_Response_to_Report
                                    1162 Court Street NE
                                    Salem, OR 97301-4096
                                    (503) 947-4700

The Plaintiff is asking this Court to intervene in a hiring decision made over two years ago, and decide, based on nothing more than the Plaintiffs word, that the decision by the University's Office of Affirmative Action and Equal Opportunity to grant a waiver for the appointment of Dr. Martinez was not justified. The Court should decline this invitation. This is the exact type of second guessing and micromanagement that has been so roundly condemned by federal courts across the country. The University administration, people who were "on the ground," involved in trying to promote diversity at the University made the best decisions they could regarding the filling of the position of Vice Provost of Institutional Equity and Diversity. These were tough judgment calls based on their honestly held beliefs about the situation on campus at the time. As shown in the University's report, these decisions complied with the pertinent affirmative action policies and procedures. This Court should not, based on scant evidence, step in two years after the fact and substitute its own judgment for that of the University.

## IV.      The Plaintiff is not Entitled to the Relief He Seeks

At no time prior to the filing of the Plaintiff's declaration has he defined the relief he seeks in this case. Now he has specified that he wants the Court: 1) to retain jurisdiction for three more years, 2) require the University to report annually on its compliance with the exit interview protocol, and 3) require the University to conduct a national search to replace Dr. Holmes and / or Dr. Martinez should either of them leave the University during that time. The Plaintiff is not entitled to any of this relief.

First and foremost, the Plaintiff is not entitled to the sought after relief because he has failed to show that, with the exception of the untimely development of the exit interview protocol, the University violated the settlement agreement in any way. The settlement agreement required the University to follow its affirmative action policies in the hiring of the Vice President of Student Affairs and the Vice Provost for Institutional Equity and Diversity. The University has done this. The evidence provided in support of the Defendants' report clearly shows that these positions were filled as a result of either national candidate searches or appropriately

Page 5 -    DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO THE COMPLIANCE
            REPORT BY THE UNIVERSITY OF OREGON
            AS/cbh/JUSTICE-#1042522-v1-Wade_6178_Reply_to_Response_to_Report
                                            1162 Court Street NE
                                            Salem, OR 97301-4096
                                            (503) 947-4700

obtained national search waivers. Because the Defendants have honored the settlement, agreement the Plaintiff is not entitled to additional relief in order to have the agreement enforced.

Moreover, the request made by the Plaintiff to force the University to conduct a national search to replace Dr. Holmes and / or Dr. Martinez goes beyond anything required by either the settlement agreement or the University's affirmative action policies. The settlement agreement does not require national searches to be conducted to fill these positions. It requires simply that the University abide by its affirmative action policies. These policies provide for a waiver mechanism for national searches in appropriate cases. Even the Plaintiff admits this. The Plaintiff asks the Court to place a non-waiveable national search requirement on the University with respect to future hiring of the two positions in question. Such a requirement was never contemplated by the settlement agreement nor is it part of the University's affirmative action policies. The Plaintiff simply is not entitled to such relief.

The Plaintiff is also not entitled to three years of monitoring of the exit interview protocol. While the University did fail to implement this protocol in a timely manner, when the University discovered this error, they forthrightly acknowledged it and put a protocol in place. The affidavits in support of the Defendants report, which are the only evidence on this point, show that the protocol is being implemented and followed. The Plaintiff in justification of his requested relief offers nothing more than his subjective belief that the exit interview protocol will be ignored. This Court should decline to take part in three more years of this dispute between the Plaintiff and the University based on only the Plaintiff's pessimistic opinion of the University's character.

## V.   Conclusion

The Defendants in this case have not violated the settlement agreement. They have abided by the University's affirmative action policies in making the staffing decisions at issue.

Page 6 -   DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO THE COMPLIANCE
REPORT BY THE UNIVERSITY OF OREGON
AS/cbh/JUSTICE-#1042522-v1-Wade_6178_Reply_to_Response_to_Report
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700

For this reason, and the others set forth above, the Plaintiff's motion to enforce the settlement agreement should be denied.

DATED this _ᴀ_ day of September, 2008.

Respectfully submitted,

HARDY MYERS
Attorney General

AARON SPRAGUE #06228
Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
Aaron.Sprague@doj.state.or.us
Of Attorneys for Defendants

Page 7 -   DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO THE COMPLIANCE
REPORT BY THE UNIVERSITY OF OREGON
AS/cbh/JUSTICE-#1042522-v1-Wade_6178_Reply_to_Response_to_Report
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700

## CERTIFICATE OF SERVICE

I certify that on September 16, 2008, I served the foregoing DEFENDANTS' REPLY

TO PLAINTIFF'S RESPONSE TO THE COMPLIANCE REPORT BY THE UNIVERSITY OF

OREGON upon the parties hereto by the method indicated below, and addressed to the

following:

| | |
|---|---|
| Suzanne Bradley Chanti | ___ HAND DELIVERY |
| Chanti & Middleton, P.C. | ⟋ MAIL DELIVERY |
| 245 East 4th Avenue | ___ OVERNIGHT MAIL |
| Eugene, OR 97401 97405 | ___ TELECOPY (FAX) |
|     Of Attorneys for Plaintiff | ___ E-MAIL schanti@chantilaw.com |
| | ⟋ E-FILE |


AARON SPRAGUE #06228
Assistant Attorney General
ELIZABETH K. BONUCCI #06322
Assistant Attorney General
Trial Attorneys
Of Attorneys for Defendants
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700